UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARATHON PETROLEUM COMPANY LP, et al, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CAUSE NO. 1:15-cv-510-WTL-MJD ) |
| INDIANAPOLIS POWER & LIGHT COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (Dkt. No. 11). The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below. As a result, the Defendant's motion to stay discovery (Dkt. No. 24) is **DENIED AS MOOT**.

This case arises out of a May 2013 incident involving a pipeline ("RIO Pipeline") previously owned by Plaintiff Marathon Petroleum Company LP and now owned by Plaintiff Hardin Street Transportation LLC. The Plaintiffs allege that a copper ground wire ("the Wire") was installed perpendicular to the RIO Pipeline in January 1967 as part of Defendant Indianapolis Power & Light Company's ("IPL") grounding system for power distribution. In April 2013, a series of electrical phase-to-ground faults occurred in high voltage alternating current power lines that run parallel to the RIO Pipeline and are operated by IPL. The Plaintiffs allege that these faults caused electrical current to be transmitted from the Wire to the RIO Pipeline, which, in turn, caused an electrical burn breach of the RIO Pipeline, resulting in a release of diesel fuel from the RIO Pipeline onto the surrounding property.

The Plaintiffs assert that IPL was negligent in its "installation, maintenance, and operation" of the Wire in two respects: (1) "installing, operating, and maintaining the [Wire] on top of and in close proximity to the RIO Pipeline"; and (2) "failing to operate and control its electrical transmission system where electrical faults are reasonably foreseeable." They further assert that IPL's negligence caused the release of diesel fuel, which is costing the Plaintiffs millions of dollars to remediate.

IPL moves to dismiss the Plaintiffs' claims relating to the original installation of the Wire based upon Indiana's Construction Statute of Repose, which provides:

> An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for:
>
> (1)  a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property;
> (2)  an injury to real or personal property arising out of a deficiency; or
> (3)  an injury or wrongful death of a person arising out of a deficiency;
>
> may not be brought against a designer or possessor unless the action is commenced within the earlier of ten (10) years after the date of substantial completion of the improvement or twelve (12) years after the completion and submission of plans and specifications to the owner if the action is for a deficiency in the design of the improvement.

Ind. Code 32-30-1-5(d). IPL argues that it is either a "designer" or "possessor" and that the Wire is an "improvement to real property" as those terms are used in the statute. As IPL acknowledges, the Indiana Supreme Court has held that:

> an "improvement to real property" for purposes of the [statue of repose] is "a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." *Webster's Third New International Dictionary* 1138 (unabridged ed.1976). Put differently, an "improvement to real property" is (1) an addition to or betterment of real property; (2) that is permanent; (3) that enhances the real property's capital value; (4) that involves the expenditure of labor or money; (5) that is designed to make the property more useful or valuable; and (6) that is *not* an ordinary repair.

2

*Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 644 (Ind. 2012). What IPL fails to acknowledge is that these factors are not to be used checklist:

> In applying this commonsense definition, judges and lawyers should focus on these individual criteria but they should not lose sight of the fact that this is a definition grounded in commonsense. The fact that a purported improvement satisfies each of these individual criteria may not be sufficient for it to be an improvement within the meaning of the [statute of repose] if it would do violence to the plain and ordinary meaning of the term as used in the construction context

*Id.*

Ultimately, it may be determined that IPL is correct and the statute of repose applies to the Plaintiffs' negligent installation claim. The Court cannot make that determination based upon the facts alleged in the complaint, however. At this stage in the litigation, the circumstances of the installation of the Wire are simply unknown.

This case demonstrates why it is rarely appropriate to determine whether a claim is time-barred in the context of a motion to dismiss.

> Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. Further, these defenses typically turn on facts not before the court at that stage in the proceedings. It is true that, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground. But we have cautioned that this "irregular" approach is appropriate only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense. As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record.

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (internal citations omitted). Here the complaint is silent about many of the facts that are relevant to the question of whether the statute of repose applies. Perhaps, for example, the Wire was not meant to be permanent and should have been replaced every five years. Perhaps its presence was not designed to make the real property on which it was installed more valuable or more useful.

In order to properly follow the "commonsense approach," the Court needs to know many facts beyond those asserted in the complaint. Accordingly, the motion to dismiss on timeliness grounds is **DENIED**.

IPL also argues that the Plaintiffs' claims based on the negligent operation and/or maintenance of the Wire should be dismissed for failure to satisfy the pleading standard. Specifically, IPL argues that the Plaintiffs simply make a conclusory allegation of negligence without asserting sufficient facts to make the allegation plausible as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However,

> *Bell Atlantic*'s explicit praise of Form 9 of the Federal Rules of Civil Procedure illustrates that conclusory statements are not barred entirely from federal pleadings. The Court noted that a complaint of negligence in compliance with Form 9 provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (i.e., driving too fast, driving drunk, etc.), although such specificity certainly would be required at the summary judgment stage. In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1084-85 (7th Cir. 2008) (citing *Twombly,* 550 U.S. at 576 and *Iqbal v. Hasty,* 490 F.3d 143, 156 (2d Cir. 2007), *rev'd and remanded sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).[1] Under this standard, the Plaintiffs' negligence claims, while certainly bare, are sufficiently pled and the motion to dismiss is **DENIED**.

SO ORDERED: 9/28/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[1] Effective December 1, 2007, the Form Complaint for Negligence is found at Form 11.